IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JOSE CARREON, | ) |
| Movant, | ) ) ) |
| | ) No. 4:12-CV-00754-NKL |
| v. | ) ) |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) |

**ORDER**

Before the Court is Jose Carreon's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 [Doc. # 1]. For the reasons set forth below, Carreon's motion is DENIED.

**I.      Background**

Carreon pleaded guilty to: 1) conspiracy to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 841, and 2) illegal entry by an alien in violation of 8 U.S.C. § 1325. Carreon was sentenced to sixty-three months in prison for the drug distribution conspiracy and six months for the illegal entry, to run concurrently.

Carreon filed this motion under 21 U.S.C. § 2255, claiming ineffective assistance of counsel. Carreon's motion presents two grounds. First, Carreon claims that defense counsel was ineffective for not moving to dismiss the charge of illegal entry by an alien. Second, Carreon claims that defense counsel was ineffective for failing to request a downward sentencing departure based on Carreon's minor or minimal role in the drug distribution conspiracy.

1

Carreon's initial motion contained only these conclusory allegations, with no discussion of any relevant facts or the applicable law. *See* [Doc. # 1]. The government filed a brief in opposition to Carreon's motion [Doc. # 3], and the Court ordered Carreon to file a reply by August 27, 2012 [Doc. # 4]. Carreon did not file a reply.

## II. Discussion

### A. Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, the movant must show both: 1) that defense counsel's representation was deficient; and 2) that the deficient performance prejudiced the movant's case. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). Failure to prove "either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Strickland v. Washington*, 466 U.S. 668, 700 (1984). To establish deficient performance, the movant must show that "the lawyer's performance was outside the range of professionally competent assistance." *Cox v. Norris*, 133 F.3d 565, 573 (8th Cir. 1997). To establish prejudice, the movant "must show that, but for counsel's deficient performance, there is a reasonable probability that the result of the proceeding would have been different." *Cox*, 133 F.3d at 573.

The conclusory allegations in Carreon's motion fails to satisfy either prong. In a collateral proceeding challenging a guilty plea, the "presentation of conclusory allegations unsupported by specifics is subject to summary dismissal." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *see also Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985). Carreon presents no facts or specific arguments in support of his allegations. As such, Carreon's motion may be summarily denied.

In ground one, for instance, Carreon claims that his defense counsel should have moved to dismiss the charge of illegal entry by an alien. But Carreon does not provide any possible basis for this motion, let alone show a reasonable probability that it might have succeeded. In fact, Carreon admitted during the plea colloquy that he had been living in the United States illegally for approximately ten years. [Crim. Doc. # 112 at 19]. Furthermore, Carreon was sentenced to 63 months in prison for the drug distribution conspiracy and six months for illegal entry by an alien. [Crim. Doc. # 165 at 2]. These sentences were ordered to run concurrently. [Crim. Doc. # 165 at 2]. Consequently, even if there was reason to believe defense counsel should have moved to dismiss the illegal entry charge, Carreon could not show prejudice without demonstrating that the illegal entry conviction increased his sentence for the drug conspiracy conviction. Carreon has not made such a showing.

Ground two is even more deficient. Carreon claims that defense counsel failed to request a minor or minimal role downward sentencing departure. But the record shows that Carreon actually received a minor participant reduction, pursuant to Sentencing Guidelines § 3B1.2(b). [Crim. Doc. # 129, at 13, 16]; [Crim. Doc. # 164 at 1]. Consequently, this ground may be dismissed because it is incredible in the face of the record. *See Voytik*, 778 F.2d at 1308.

B.   **Certificate of Appealability**

The Court will issue a certificate of appealability only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons discussed above, Carreon has not made a substantial showing of the denial of

a constitutional right. Consequently, the Court does not issue a certificate of appealability in this case.

## III. Conclusion

For the foregoing reasons, Jose Carreon's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 [Doc. # 1] is DENIED.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: November 2, 2012
Jefferson City, Missouri